IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO                    *
      Plaintiff,
  v.                              *   CIVIL ACTION NO. JFM-10-1398

MCDONALDS                          *
      Defendant.
                               ***

**MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor" and Department of Justice employee, filed this 28 U.S.C. § 1331 action on May 28, 2010, against a McDonalds restaurant on Pulaski Highway in Baltimore. His statement of facts alleges that:

> "On May 27, 2010, the security of McDonalds Mr. Wayne want to gun me down at McDonalds restaurant. He did not wear a security uniform against the law of Maryland and the United States. The court will have to investigate whether he have a gun permit."

Paper No. 1 at 2.

In his relief request, plaintiff seeks the award of $497,000,000,000,000.00 and court order to stop the "genocide" at McDonalds which limits Wi-Fi users to twenty minutes of internet use. Plaintiff also seeks the imposition of a sentence of life imprisonment and the death penalty against the security and their "conspirators" at McDonalds. *Id*. at 3. Although plaintiff's indigency application contains information the court finds dubious,[1] he shall be granted leave to proceed *in forma pauperis*.

This court may preliminarily review the complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the complaint has no factual or legal basis. *See Neitzke v.*

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at three separate

*Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* complaint and accompanying materials a generous construction, the court finds no basis to allow the action to go forward or to require supplementation. The complaint shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.


Date: __June 8, 2010_____  /s/_____
　　　　　　　　　　　　　　　　　J. Frederick Motz
　　　　　　　　　　　　　　　　　United States District Judge

---

banks. Paper No. 2.